## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM KELLER<br>435 West Myrtle St.<br>Littlestown, PA 17340 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | DOCKET NO.: |
| v. | : <br> : | |
| SNYDER-LANCE, INC. d/b/a SNYDER'S<br>OF HANOVER<br>1350 York St.<br>Hanover, PA 17331 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : | |

### CIVIL ACTION COMPLAINT

Plaintiff, William Keller, (*hereinafter* referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendant and avers as follows:

### I. INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Snyder-Lance, Inc. d/b/a Snyder's of Hanover (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was discriminated against by Defendant, and he suffered damages more fully described/sought herein.

### II. JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

---

[1] Plaintiff will move to amend his instant lawsuit to include a claim under the Pennsylvania Human Relations Act once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

satisfying the standard set forth by the United States Supreme Court in International Shoe Co v.
State of Washington, 326 U.S. 310 (1945) and its progeny.

3.   This action is initiated pursuant to a federal law.  The United States District Court
for the Middle District of Pennsylvania has original subject matter jurisdiction over this action
pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This
Court has supplemental jurisdiction over Plaintiff's future state-law claims because they arise out
of the same circumstances and are based upon a common nucleus of operative fact.

4.   Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and
(b)(2), because Defendant resides in and/or conducts business in this judicial district and because
a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred
in this judicial district.

5.   Plaintiff exhausted his administrative remedies (with respect to his ADA claims)
because he timely filed Charges with the Equal Employment Opportunity Commission (EEOC)
and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or
notices of case closure from the EEOC.

### III.  PARTIES

6.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in
full.

7.   Plaintiff is an adult individual, with an address as set forth in the caption.

8.   Defendant Snyder-Lance, Inc. is a bakery and snack food distribution company
with various operations and locations, including the location identified in the above-captioned
address (where Plaintiff applied for employment).

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.   **FACTUAL BACKGROUND**

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a disabled male with an amputated left hand.

12.     In or about February of 2017, Plaintiff applied for a position within Defendant as a Packer.

13.     On or about February 28, 2017, Plaintiff was granted an interview with Ashley (last name unknown) from Defendant's Human Resources Department.

14.     During Plaintiff's in-person interview on February 28, 2017 with Ashley, Plaintiff was led to believe that based upon his prior experience doing the same type of work, he would be hired for the Packer position with Defendant.

15.     Towards the end of the interview with Ashley on February 28, 2017, Plaintiff was going to be given a tour in order to show him where he would be working within the facility.

16.     As Plaintiff was about to embark on his tour of Defendant's facility, he stood up and removed a part of his clothing. At this point, for the first time, Ashley noticed that Plaintiff had no left hand.

17.     After observing that Plaintiff had an amputated left hand, Ashley became completely and visibly taken aback to the point of being startled.

18.     Following Plaintiff's interview, Ashley quizzed Plaintiff on whether he could lift certain weight and pack a certain number of bags per minute.

19.     Despite the fact that Plaintiff insured Ashley that he could physically perform the job for which he was applying and that he did the same job for which he was applying in the past with the same handicap, Ashley told Plaintiff that she would have to converse with "Safety" and verify if he could do the job in light of not having one hand.

20.     In or about March of 2017, Ashley contacted Plaintiff and informed him that all Packer positions had been filled and that he was not being hired.

21.     However, upon information and belief, Defendant still needed, was repeatedly posting for, and was hiring Packers after making the decision to not hire Plaintiff.

22.     Plaintiff believes and therefore avers that he was not hired by Defendant because of his actual disability and/or because Defendant perceived him to be disabled.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as amended ("ADA")
### (Actual/Perceived Disability Discrimination)

23.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.     Defendant did not hire Plaintiff because of his actual disability and/or because they perceived him to be disabled.

25.     These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress (as permitted under applicable law(s) asserted herein);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801
Attorney for Plaintiff

Dated: November 20, 2017